# CIRCUIT COURT OF ROANOKE COUNTY

Commonwealth of Virginia

v.

Ruth Gail Porter

November 7, 2007

Case Nos. CR07-349, CR07-350, CR07-351

BY JUDGE ROBERT P. DOHERTY, JR.

Store security personnel detained Defendant as a suspected shoplifter. A county police officer arrived and met with Defendant in the security office. After reviewing the information from store security, the police officer placed the Defendant under arrest. He then gave the Miranda warnings to her. He does not recall whether he read them to her from the card he carried or whether he simply recited them from memory. After reading or telling her of her rights against self-incrimination and her rights regarding counsel, Defendant was asked if she understood those rights and she said that she did. The police officer then questioned Defendant concerning the incident.

As the officer was escorting Defendant from the shopping mall to his patrol car, several of Defendant's friends confronted him and asked why Defendant was under arrest. After the officer secured Defendant in the back seat of his patrol car, he and another officer met with Defendant's friends. The police discovered that Defendant had come from out of town as a passenger in a car driven by one of those friends to do some shopping. The police asked and received permission from the vehicle owner and operator to search the car. The search uncovered several items that were alleged to have been stolen from

stores at the shopping mall. The police then questioned Defendant about those additional items of alleged stolen property, and Defendant gave them a statement.

Defendant asks that the statements she gave to the police be suppressed because she was not asked to waive her Miranda rights, nor did she waive them, either orally or in writing. Defendant also challenges the search of the car in which she had been a passenger. She claims that she had an expectation of privacy in the vehicle, that a search warrant was not obtained, and that she did not giver her permission for the search of the vehicle. The Commonwealth argues that a review of all of the facts clearly shows that Defendant waived her rights against self-incrimination and her right to have counsel present during questioning. Their position with regard to the search is that Defendant does not have standing to challenge the search of a car in which she had been a passenger.

### Miranda Warnings

The U.S. Supreme Court decision in *Miranda v. Arizona*, 384 U.S. 436 (1966), clarified our rights under the Fifth Amendment of the United States Constitution. It said that a criminal defendant was required to be warned before questioning that he had a right to remain silent, that anything he said could be used against him in a court of law, that he had the right to the presence of an attorney, and that, if he could not afford an attorney, one would be appointed for him prior to any questioning if he so desired. A defendant who understood these rights could knowingly and intelligently waive them and agree to give a statement to the authorities. The burden is upon the government to demonstrate that all of the above have occurred before the defendant's statement can be used against him in court. A waiver of these constitutional rights is not to be presumed from the silence of the defendant. A later clarification determined that these warnings are to be given once a criminal suspect is placed in custody. *Oregon v. Mathiason*, 429 U.S. 492 (1977).

The "rights" card the police officer carried contained the Miranda warnings but did not contain all of the questions that should have been asked before custodial interrogation could begin. It did not contain a question concerning whether or not the criminal suspect understood her rights, and it did not contain a question concerning whether she wanted to waive those rights and speak to the officer. This seems like a simple matter that could be rectified by the police department by a simple addition to the "rights" card that the officers carry. Such an amendment would provide greater protection to the public and would prevent issues such as this from arising in future criminal cases.

The police officer did ask the Defendant if she understood her Miranda rights, and she indicated that she did. However, he did not ask her if she waived those rights and was willing to speak to him about the alleged offense. Accordingly, in order to determine whether this particular Defendant waived her Miranda rights and willingly gave a statement to the arresting officer, the Court must look to the totality of the circumstances surrounding this Defendant and her arrest. *Swann v. Commonwealth*, 247 Va. 222 (1994).

On direct examination the Defendant stated that she did not recall being given her Miranda warnings, but she did understand that she did not have to talk to the police officer. She testified that she told the police officer that she had not done anything wrong. Then she contradicted herself and said that she did not talk to the police officer. On cross-examination, she testified that she knew that she had a right not to talk to the police and that she did not ask for an attorney. She again said that she did not talk to the police officer nor did she tell him anything about her actions. She admitted to prior burglary convictions over twenty years previous.

The Court has considered the totality of the circumstances surrounding the Defendant, her arrest, her testimony, and the testimony of the police officer. The Court also had the opportunity to observe the Defendant's demeanor on the witness stand and to weigh her credibility and her inconsistent statements. When all of these factors are added together, it is apparent to the Court that the Defendant knowingly and intelligently waived her Miranda rights prior to speaking to the arresting officer. If her testimony is to be believed, she did so in an effort to convince the arresting officer that her actions were innocent and not criminal. If the testimony of the police officer is accepted, then the Defendant was attempting to tell the officer that she had not yet committed a crime because she was still in the store vestibule and, although she had removed the tags from the clothing she was wearing, she had not discarded them. Either way, the Court finds that Defendant knowingly and intelligently waived her Miranda rights and voluntarily made statements to the police.

To the extent that Defendant's argument includes a claim that any waiver of her Miranda rights must be in writing, the Court finds that not to be the law. See *Harrison v. Commonwealth*, 244 Va. 576 (1992). Defendant's motion to suppress the statements she gave to the police after her arrest because they violated her Fifth Amendment rights against self-incrimination is denied.

### Search of the Vehicle

The Defendant argues that items located in the vehicle, in which she had earlier been a passenger, were seized in violation of her Fourth Amendment rights against unreasonable searches and seizures by the

government. She claims that she had a reasonable expectation of privacy in the contents of the vehicle and that the search and seizure was unreasonable, without her permission, and without a search warrant. She takes this position despite the fact that the owner of the vehicle, who had driven the Defendant and her friends to the shopping mall, gave her consent to the police for the search.

This question was answered by the United States Supreme Court in *Rakas v. Illinois*, 429 U.S. 128 (1978). For a case containing the current reasoning of the Virginia courts and citing *Rakas*, see the unpublished case of *Commonwealth v. Belvins*, 2007 Va. App. LEXIS 153 (Va. App. 2007). Those cases stand for the proposition that passengers in a vehicle stopped by the police do not have a legitimate expectation of privacy in another's car and thus have no standing to challenge the search of the car. Defendant, as a former passenger, had neither standing to object to the vehicle search nor an expectation of privacy in it. To the extent that Defendant's suppression motion couples the search and seizure with her later statements to the police about the items found in the vehicle, the above analysis of her constitutional rights against self-incrimination apply. The Defendant's motion to suppress the evidence found in the vehicle and to suppress her statements concerning such evidence is denied.